IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **KELSEY VARGAS,** | § § § | |
| **Plaintiff,** | § § | |
| v. | § § § | |
| **NATIONWIDE GENERAL INSURANCE COMPANY and JOHN DOE,** | § § § § | Civil Action No. 4:17-cv-2973 |
| **Defendants.** | § § § | |

## PLAINTIFF'S INITIAL DISCLOSURES

Plaintiff Kelsey Vargas("Plaintiff") serve her Initial Disclosures pursuant to Rule 26(a) of the Federal Rules of Civil Procedure:

A. The name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information - that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

**ANSWER:**

1. Kelsey Vargas
   c/o The Lane Law Firm
   6200 Savoy, Suite 1150
   Houston, Texas 77036-3300
   (713) 595.8200

   Kelsey Vargas is the Plaintiff in this lawsuit and has knowledge of subject matter relating to allegations set forth in the Original Petition.

2. Nationwide General Insurance Company
   c/o Segal, McCambridge, Singer and Mohoney
   100 Congress Avenue, Suite 800
   Austin, Texas 78701
   Telephone – 512.476.7834
   Facsimile – 512.476.7832

        Nationwide General Insurance Company is a Defendant in this lawsuit and has knowledge of subject matter relating to allegations set forth in the Original Petition.

3.     John Doe

        John Doe is a Defendant and an adjuster assigned to this claim by Nationwide. This defendant is believed to be an individual residing in Texas and has knowledge of subject matter relating to allegations set forth in the Original Petition.

4.     Michelle Brosam
        594 Sawdust Road, Suite 354
        The Woodlands, Texas 77380
        877.808.2275
        877.898.4055

        Michelle Brosam is Plaintiff's casuation and property damage expert and has knowledge of the condition of Plaintiff's property and the reasonable repair costs necessary to address the damages made the basis of Plaintiff's insurance claim.

Plaintiff further identity's all witnesses that are designated by any party at any time during the course of this litigation. Moreover, Plaintiff reserves the right to supplement this Disclosure as allowed by the Federal Rules of Civil Procedure.

B.     **Rule 26(a)(1)(A)(ii) – Relevant Documents & Tangible Things: A copy of, or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;**

        **ANSWER:**

Undersigned counsel are in possession of various documents that Plaintiff may use to support her position in this case, including a damage repair estimate, damage photos, and a damage causation narrative.

Plaintiff reserves the right to supplement this Disclosure as allowed by the Federal Rules of Civil Procedure.

C.     **Rule 26(a)(1)(A)(ii) – Information Related to Calculation of Damages: A computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and**

**ANSWER:**

Plaintiff seeks actual damages in an amount necessary to complete the necessary repairs/replacement covered under the policy. Plaintiff's expert report/estimate details amounts necessary to complete necessary repairs/replacement covered under the policy. Plaintiff's actual damages are equal to the full amount of claim proceeds that should have been paid following Defendant's claim investigation. These damages can be calculated by subtracting any applicable policy deductible and/or prior payment from the total repair/replacement amount stated in Plaintiff's expert report.

Statutory damages; under Texas Insurance Code Section 542, should the trier of fact find that Defendant underpaid the claim make the basis of this suit, Plaintiff's is entitled to 18% interest per annum on the amount of such underpayment.

Subject to any applicable limitations under the Texas Insurance Code, Plaintiff's seek exemplary and mental anguish damages in an amount to be determined by the jury.

See also Plaintiff's Original Petition. Plaintiff reserves the right to supplement this Disclosure as allowed by the Federal Rules of Civil Procedure.

**D.      Rule 26(a)(1)(A)(ii)  - Insurance Agreements:  For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

**ANSWER:**

Not Applicable


DATED this 20th day of October, 2017.

Respectfully submitted,

**THE LANE LAW FIRM, P.L.L.C.**

By: */s/ Robert C. Lane*
Robert "Chip" C. Lane
State Bar No. 24046263
So. District Bar No. 570982
chip.lane@lanelaw.com
Jack D. Kitchen
State Bar No. 24084320
So. District Bar No. 1708841
kitchen@lanelaw.com
6200 Savoy Drive, Suite 1150
Houston, Texas 77036
(713) 595-8200 Telephone
(713) 595-8201 Facsimile
**ATTORNEYS FOR PLAINTIFF**

# CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of October 2017, a true and correct copy of the above and foregoing instrument has been served upon the following, *via* ECF notification:

Patrick M. Kemp
Segal McCambridge Singer and Mahoney
pkemp@smsm.com
100 Congress Avenue Suite 800
Austin, Texas 78701
**ATTORNEYS FOR DEFENDANT**

/s/ *Jack D. Kitchen*
Jack D. Kitchen